```
UNITED STATES DISTRICT COURT              (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
NORTHERN SHIPPING FUNDS I, L.L.C., :     12 Civ. 3584 (JCF)

              Plaintiff,            :     MEMORANDUM
                                    :     AND  ORDER
     - against -                    :
                                    :
ICON CAPITAL CORP., BOA SUB C AS,   :
BOA DEEP C AS, BOA HOLDING AS,      :
BOA OFFSHORE AS, and                :
TAUBATKOMPANIET AS,                 :
                                    :
              Defendants.           :
- - - - - - - - - - - - - - - - - - :
TAUBATKOMPANIET AS, BOA HOLDING AS,:
BOA SUB C AS, BOA OFFSHORE AS, and :
BOA DEEP C AS,                      :
                                    :
              Counter Claimants,    :
                                    :
     - against -                    :
                                    :
ICON CAPITAL CORP.,                 :
                                    :
              Counter Defendant.    :
- - - - - - - - - - - - - - - - - - :
ICON CAPITAL CORP.,                 :
                                    :
              Third-Party           :
                      Plaintiff,    :
                                    :
     - against -                    :
                                    :
SEAN DURKIN and JOHN HARTIGAN,      :
                                    :
              Third-Party           :
                      Defendants.   :
----------------------------------
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Plaintiff Northern Shipping Funds I, L.L.C. ("Northern") brings this action against defendants Icon Capital Corporation ("Icon") and Boa Sub C AS, Boa Deep C AS, Boa Holding AS, Boa Offshore AS, and Taubākompaniet AS (collectively, "Boa"), alleging

breach of contract, unjust enrichment, and money had and received.[1]
Icon asserts counterclaims against Northern and third-party claims
against agents of Northern, Sean Durkin and John Hartigan (the
"third-party defendants"), as well as cross-claims against Boa.
Northern, the third-party defendants, and Boa now move to dismiss
the counterclaims, third-party claims, and cross-claims,
respectively, under Rule 12(b)(6) of the Federal Rules of Civil
Procedure.  The parties have consented to my jurisdiction for all
purposes, in accordance with 28 U.S.C. § 636(c).  For the reasons
set forth below, Northern and the third-party defendants' motion is
granted, and Boa's motion is granted in part and denied in part.

Background

The factual background of this dispute is set forth in my
January 24, 2013, Memorandum and Order and will only be summarized
briefly and supplemented as necessary here.  Northern Shipping
Funds I, LLC, ___ F. Supp. 2d ___, 2013 WL 440632.  In accordance
with the standard for assessing a motion to dismiss, the
allegations in the counterclaims, third-party claims, and cross-
claims are taken as true, and all reasonable inferences are drawn
in the non-movant's favor.  See Gilman v. Spitzer, ___ F. Supp. 2d
___, ___, 2012 WL 4510681, at *1 n.1 (S.D.N.Y. 2012).  In addition,
I have considered documents incorporated in or integral to the
pleadings.  Id.

---

[1] I previously dismissed the plaintiff's constructive trust
and breach of fiduciary duty claims against Icon.  Northern
Shipping Funds I, LLC v. Icon Capital Corp., ___ F. Supp. 2d ___,
2013 WL 440632 (S.D.N.Y. 2013).

On September 17, 2010, Northern and Boa entered into a binding contract (the "Commitment Letter") under which Northern and Icon would provide Boa with a $70,000,000 loan (the "transaction"). (Counterclaims and Third Party Claims ("Countercl.,") attached to Icon's Answer to Complaint, Third Party Claims, Counter-Claim[,] and Cross-Claims ("Ans."), ¶¶ 4-5; Cross-Claims ("Cross-Cl."), attached to Ans., ¶¶ 1-2 ; Letter of C. Tobias Backer and John Hartigan dated Sept. 16, 2010 (the "Commitment Letter"), attached as Exh. A to Complaint ("Compl.")).   Northern participated in drafting the terms and conditions of the Commitment Letter. (Countercl., ¶ 5; Cross-Cl., ¶ 2).   The letter was signed by C. Tobias Back, Senior Director of Icon, and was to be signed by John Hartigan, Senior Investment Manager of Northern. (Countercl., ¶ 5; Cross-Cl., ¶ 2; Commitment Letter at 20).[2]

Boa unilaterally withdrew from the transaction on December 15, 2010. (Countercl., ¶ 6; Cross-Cl., ¶ 3).   Icon determined that it would pursue legal action against Boa to enforce its right to liquidated damages under the terms and conditions of the Commitment Letter. (Countercl., ¶ 7; Cross-Cl., ¶ 4).   On January 6, 2011, and several times thereafter, Icon invited Northern to join the litigation, but Northern declined. (Countercl., ¶ 8).   On February 8, 2011, Mr. Hartigan advised Icon by e-mail that he was recommending Northern not to join Icon's lawsuit because of the reputational risk and the expense of litigation.   (Countercl., ¶

---

[2] The Commitment Letter is not numbered so I refer to the page numbers on the Complaint filed in the Case Management/Electronic Case Filing (CM/ECF) system.

9).

On March 14, 2011, Icon initiated a lawsuit against Boa (the "Prior Action").   (Countercl., ¶ 10; Cross-Cl., ¶ 5; Complaint, Icon Capital Corp. v. Boa Sub C AS, No. 11 Civ. 1746 (S.D.N.Y. March 14, 2011)).   On January 1, 2012, Icon and Boa entered into a written confidential agreement (the "Settlement Agreement") settling the Prior Action.   (Countercl., ¶ 11; Cross-Cl., ¶ 6).

Mr. Hartigan and Sean Durkin, President of Northern, learned about the Settlement Agreement and contacted Boa to inquire about the amount for which the Previous Action settled.   (Countercl., ¶ 12).   Icon alleges that Boa informed Northern of the settlement amount and made certain disparaging remarks about Icon's agents. (Countercl., ¶ 13).

On May 7, 2012, Northern initiated the instant action against Icon and Boa, alleging that Icon did not own the exclusive rights to settle the case against Boa in the Prior Action and that Northern also owned those claims.   (Compl., ¶ 2).

Icon has asserted counterclaims against Northern and third-party claims against Mr. Durkin and Mr. Hartigan, alleging tortious interference of contract and conspiracy to interfere with contract. Icon has also brought cross-claims against Boa, asserting breach of the confidentiality, non-disparagement, and good faith and fair dealing provisions of the Settlement Agreement in the Prior Action.

Discussion

A.   Legal Standard

A motion to dismiss a counterclaim, third-party claim, and

4

cross-claim is evaluated under the same standard as a motion to dismiss a complaint. See Renovate Manufacturing, LLC v. Acer America Corp., No. 12 Civ. 6017, 2013 WL 342922, at *2 (S.D.N.Y. Jan. 18, 2013) ("A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." (internal quotation marks omitted)); Cohen v. Stephen Wise Free Synagogue, No. 95 Civ. 1659, 1996 WL 159096, at *1 (S.D.N.Y. April 4, 1996) ("Because Rule 12(b) applies equally to claims, counterclaims, cross-claims and third-party claims, plaintiff's motion to dismiss . . . will be evaluated under [] same standards [as a motion to dismiss the complaint]." (internal citation omitted)). Thus, to survive a motion to dismiss under Rule 12(b)(6), the pleading "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). While "'detailed factual allegations,'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or '[] formulaic recitation[s] of the elements of a cause of action.'" Id. (quoting Twombly, 550 U.S. at 555). "'[N]aked assertions' devoid of 'further factual enhancement'" is insufficient. Id. (quoting Twombly, 550 U.S. at 557). Further, where the factual allegations permit the court to infer only a possible, but not a plausible, claim for relief, it fails to meet the minimum standard. Id. at 679. In ruling on a motion to dismiss, the court's task "'is merely to assess the legal feasibility of the [claim], not to

assay the weight of the evidence which might be offered in support
thereof.'" <u>GVA Market Neutral Master Ltd. v. Veras Capital
Partners Offshore Fund, Ltd.</u>, 580 F. Supp. 2d 321, 327 (S.D.N.Y.
2008) (quoting <u>Eternity Global Master Fund Ltd. v. Morgan Guaranty
Trust Co. of New York</u>, 375 F.3d 168, 176 (2d Cir. 2004)).

As noted above, in assessing a motion to dismiss, a court must
take as true the allegations in the pleadings and draw all
reasonable inferences in the non-movant's favor. <u>See Erickson v.
Pardus</u>, 551 U.S. 89, 93-94 (2007) (per curiam); <u>DiFolco v. MSNBC
Cable LLC</u>, 622 F.3d 104, 110-11 (2d Cir. 2010). However, this is
inapplicable to legal conclusion and a court is "not bound to
accept as true a legal conclusion couched as a factual allegation."
<u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).

On a motion to dismiss, the court is generally limited to
reviewing the allegations in the pleadings and documents attached
to it or incorporated by reference. <u>Ferrara v. Leticia, Inc.</u>, No.
09 CV 3032, 2012 WL 4344164, at *2 (E.D.N.Y. Sept. 21, 2012); <u>see
Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007); <u>Gryl ex rel.
Shire Pharmaceuticals Group PLC v. Shire Pharmaceuticals Group PLC</u>,
298 F.3d 136, 140 (2d Cir. 2002). "'To be incorporated by
reference, the [pleading] must make a clear, definite and
substantial reference to the documents . . . [and] [t]o be integral
to the [pleading], the [claimant] must have (1) actual notice of
the extraneous information and (2) relied upon the documents in
framing the [pleading].'" <u>Bill Diodato Photography LLC v. Avon
Products, Inc.</u>, No. 12 Civ. 847, 2012 WL 4335164, at *3 (S.D.N.Y.

Sept. 21, 2012) (second and third alterations in original) (quoting DeLuca v. AccessIT Group, Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010)).  Here, the Commitment Letter and the Settlement Agreement are incorporated by reference in Icon's pleadings.

B.   Counterclaims Against Northern and Third-Party Claims Against Sean Durkin and John Hartigan

Icon, in its counterclaims and third-party claims, alleges that Northern, through its agents Mr. Durkin and Mr. Hartigan, intentionally and improperly induced Boa to breach the Settlement Agreement and divulge confidential information (Countercl., ¶¶ 12-14), and that Mr. Durkin and Mr. Hartigan conspired to interfere with Boa's performance of the Settlement Agreement and, in furtherance of this conspiracy, contacted Boa for the purpose of inducing Boa to disclose the settlement amount in the Prior Action and disparage Icon (Countercl., ¶¶ 17-18)

1.   Tortious Interference with Contract

To state a claim for tortious interference with contract under New York law, a party must allege "(a) that a valid contract exists; (b) that a 'third party' had knowledge of the contract; (c) that the third party intentionally and improperly procured the breach of the contract; and (d) that the breach resulted in damage to the plaintiff."  Albert v. Loksen, 239 F.3d 256, 274 (2d Cir. 2001) (internal quotation marks omitted); accord Luv N' Care Ltd. v. Toys "R" Us, Inc., No. 12 Civ. 228, 2012 WL 5265723, at *3 (S.D.N.Y. Oct. 24, 2012).  Northern argues that Icon has failed to adequately plead the second, third, and fourth elements of this cause of action.  (Memorandum of Law in Support of Plaintiff and

Third-Party Defendants' Motion to Dismiss Defendant Icon Capital
Corp.'s Counterclaims and Third-Party Claims ("Northern Memo.") at
5-8).   Northern also asserts an economic justification defense and
argues that Icon's counterclaims are against public policy.
(Northern Memo. at 8-9).

"With respect to the second element, '[a]lthough a defendant
need not be aware of all the details of a contract, it must have
actual knowledge of the specific contract.'" Medtech Products Inc.
v. Ranir, LLC, 596 F. Supp. 2d 778, 796 & n.13 (S.D.N.Y. 2008)
(alteration in original) (quoting LinkCo, Inc. v. Fujitsu Ltd., 230
F. Supp. 2d 492, 495 (S.D.N.Y. 2002)) (dismissing tortious
interference with contract claim because even assuming conclusory
allegation that defendants knew of contracts at issue, complaint
fails to suggest defendants saw governing contracts or were aware
of limitations that contracts imposed which defendants purportedly
caused breach); see Leadsinger, Inc. v. Cole, No. 05 Civ. 5606,
2006 WL 2320544, at *12 (S.D.N.Y. Aug. 10, 2006) (finding failure
to allege relevant terms of contracts and defendant's knowledge of
those terms at time of purported breach fatal to tortious
interference with contract claim); Granite Partners, L.P. v. Bear,
Stearns & Co., 58 F. Supp. 2d 228, 267 n.21 (S.D.N.Y. 1999)
(finding failure to allege defendants' awareness of specific
contract provision that they purportedly induced third-party to
breach is ground for dismissal of tortious interference with
contract claim); see also Pitcock v. Kasowitz, Benson, Torres &
Friedman, LLP, 80 A.D.3d 453, 454, 915 N.Y.S.2d 239, 241 (1st Dep't

2011) (finding plaintiff failed to state tortious interference with contract claim because it did not allege "in nonconclusory language, the essential terms of the parties contract, including the specific provisions upon which liability is predicated"). Since Icon's tortious interference with contract claim is predicated on Boa's alleged breach of the confidentiality and non-disparagement covenants of the Settlement Agreement rather than breach of the entire Settlement Agreement, Icon must allege that Northern and the third-party defendants had knowledge of these specific covenants, not just knowledge of the Settlement Agreement in general. Icon has made no such allegation. Rather, it contends that Northern and the third-party defendants "found out about the Settlement Agreement" and when they contacted Boa, "Boa advised them of the settlement amount and made certain disparaging remarks about ICON." (Countercl., ¶¶ 12-13). Accordingly, Icon has failed to sufficiently set forth facts to plausibly suggest Northern and the third-party defendants knew of the contractual provisions that they purportedly caused Boa to breach.

Northern and the third-party defendants also argue that Icon has not plausibly pled that they used wrongful means, or acted intentionally or improperly in procuring the alleged breach. (Northern Memo. at 6-7). Where, as here, "a plaintiff alleges interference with a valid, enforceable contract . . . there is legal authority establishing that it is not necessary to allege that the interference was malicious or done through wrongful means" but rather needs only to allege that the interference was "done

9

without justification." <u>Medtech Products Inc.</u>, 596 F. Supp. 2d at
797-98. Nevertheless, the interference must be intentional and "an
interference that is merely an intrusion that is negligent or
incident to some other lawful purpose is not enough." <u>Semple v.
Eyeblaster, Inc.</u>, No. 08 Civ. 9004, 2009 WL 1457163, at *4
(S.D.N.Y. May 26, 2009) (internal quotation marks omitted); <u>see
Alvord & Swift v. Stewart A. Muller Construction Co.</u>, 46 N.Y.2d
276, 281, 413 N.Y.S.2d 309, 312 (1978) ("[T]he interference must be
intentional, not merely negligent or incidental to some other
lawful purpose.").

Icon has offered no factual support for its assertion that
"Northern had no rights or entitlements" to contact Boa about the
settlement amount in the Prior Action, and a bare legal conclusion
is entitled to no weight. <u>Iqbal</u>, 556 U.S. at 681; <u>see Zhang v.
Wang</u>, 317 F. App'x 26, 28 (2d Cir. 2008) (dismissing tortious
interference claims because plaintiff simply alleges that
defendants "'unjustified[ly],' 'malicious[ly],' 'tortious[ly],' and
'repeatedly' interfered with contractual relations" which is
"nothing more than legal conclusions" (alterations in original)).
Moreover, Icon has acknowledged that Northern may have claims
against Boa, as evidenced by Icon's invitation to Northern to join
its lawsuit against Boa, which undercut Icon's assertion that
Northern and the third-party defendants acted without justification
when they contacted Boa about the Settlement Agreement in the Prior
Action. (Countercl., ¶ 8).

Icon contends that it sufficiently alleged that Northern

procured the breach wrongfully because it pled Northern communicated with Boa under the "threat of bringing claims against Boa." (Defendant Icon Capital Corp.'s Memorandum of Law in Opposition to the Motion to Dismiss Filed by Plaintiff Northern Shipping Funds I, LLC and Third-Party Defendants Sean Durkin and John Hartigan ("Icon Opp. Memo. to Northern") at 9; Countercl., ¶ 14). Under New York law, threat of litigation can give rise to a claim for tortious interference with contract "(1) 'if the actor has no belief in the merit of the litigation' or (2) if the actor, having some belief in the merits of the suit, 'nevertheless institutes or threats to institute the ligation in bad faith.'" Kramer v. Lockwood Pension Services, Inc., 653 F. Supp. 2d 354, 382 (S.D.N.Y. 2009) (quoting Universal City Studios, Inc. v. Nintendo Co., 797 F.2d 70, 75 (2d Cir. 1986)) (dismissing tortious interference with contract claim because counterclaimants could not plausibly argue plaintiff lacked belief in merit of present litigation or instituted litigation merely to harass); accord Tap Publications, Inc. v. Chinese Yellow Pages (New York) Inc., 925 F. Supp. 212, 222 (S.D.N.Y. 1996). Icon has not alleged that Northern lacked belief in the merits of this litigation or that it was initiated in bad faith. In fact, in its Answer, Icon admits that "Boa's withdrawal from the transaction gave rise to obligation to pay fees to Icon and Northern." (Ans., ¶ 24). Accordingly, Icon cannot plausibly contend that Northern lacked belief in the merit of this action or that it was instituted in bad faith.

Northern and the third-party defendants further argue that

they were acting to protect their own economic and legal interests under the Commitment Letter when they contacted Boa about the Settlement Agreement and that "any interference that may have resulted from Northern's actions was merely the incidental by-product." (Northern Memo. at 7-8). "A claim for tortious interference with contract cannot rest on the conduct that is 'incidental to some other lawful purpose.'" Aetna Casualty and Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 589 (2d Cir. 2006) (quoting Costanza Construction Corp. v. City of Rochester, 135 A.2d 111, 111, 523 N.Y.S.2d 707, 708 (4th Dep't 1987)). Moreover "[u]nder New York law, actions taken to protect an economic interests are justified and cannot give rise to a tortious interference with a contract claim." In re Bernard L. Madoff Investment Securities LLC, 440 B.R. 282, 294 (Bankr. S.D.N.Y. 2010); see Quinn v. Jacobs, No. 12 Civ. 2423, 2012 WL 3000673, at *2 (S.D.N.Y. July 16, 2012) ("As a defense to that claim, plaintiff/counter-claim-defendant here may assert the 'economic interest' defense -- i.e., 'that it acted to protect its own legal or financial stake in the breaching party's business.'" (quoting White Plains Coat & Apron Co. v. Cintas Corp., 8 N.Y.3d 422, 426, 835 N.Y.S.2d 530, 532 (2007))). Likewise, "'procuring the breach of a contract in the exercise of equal or superior right is acting with just cause or excuse and is justification for what would otherwise be an actionable wrong.'" Italverde Trading Inc. v. Four Bills of Lading Numbered LRNN 120950, LRNN 122950, LRNN 123580, and MSLNV 254064, 485 F. Supp. 2d 187, 204 (E.D.N.Y. 2007) (quoting

12

Foster v. Churchill, 87 N.Y.2d 744, 750, 642 N.Y.S.2d 583, 587
(1996)).   However, justification defense is unavailable "where
there has been a 'showing of either malice on the one hand, or
fraudulent or illegal means on the other.'"   Quinn, 2012 WL
3000673, at *2 (quoting Foster, 87 N.Y.2d at 750, 642 N.Y.S.2d at
587); In re Refco Inc. Securities Litigation, 826 F. Supp. 2d 478,
520 (S.D.N.Y. 2011) (noting "'New York only requires proof of
malice if the economic interest defense has been triggered'"
(quoting White Plains Coat & Apron Co., 460 F.3d at 284)).   Since
a motion to dismiss only addresses the sufficiency of the pleading,
generally "[i]t is improper for the Court to make a determination
at this juncture as to the economic interest defense." Reach Music
Publishing, Inc. v. Warner/Chappell Music, Inc., No. 09 Civ. 5580,
2011 WL 3962515, at *6 (S.D.N.Y. Sept. 7, 2011) (declining to
address economic interest defense when facts upon which defense is
premised are not developed in pleadings); but see Quinn, 2012 WL
3000673, at *3 (considering economic justification defense on
motion to dismiss, and finding defendant alleged malice to defeat
defense); Metro-Goldwyn-Mayer Studios Inc. v. Canal+ Distribution
S.A.S., No. 07 Civ. 2918, 2010 WL 537583, at *8 (S.D.N.Y. Feb. 9,
2010) (dismissing tortious interference claim because amended
complaint failed to suggest that defendants acted with any
motivation beyond own economic interest and made no showing of
malice or illegality).

Since Icon acknowledges that Northern had claims against Boa
for Boa's withdrawal from the transaction and the Prior Action

relates to that withdrawal, from the basis of Icon's pleadings alone, there are sufficient facts to support Northern's economic interest defense. Icon has not alleged Northern and the third-party defendants acted with any motivation beyond their own legal or economic interest, or made any showing of malice or illegality to defeat this defense.

Finally, Icon has failed to allege that but for the conduct of Northern and the third-party defendants, the alleged breach would not have occurred. See Friedman v. Wahrsager, 848 F. Supp. 2d 278, 297 (E.D.N.Y. 2012) ("Plaintiff must also allege that the breach would not have occurred 'but for' the conduct of the defendants." (quoting Sharma v. Skaarup Ship Management Corp., 916 F.2d 820, 828 (2d Cir. 1990)). In fact, Icon alleges in its claims against Boa that Boa "lack[ed] a good faith intention to carry out its material obligations in the Settlement Agreement." (Cross-Cl., ¶ 23). When a complaint alleges that "[the breaching party] exhibited a predisposition toward breaching the Agreement independent of the alleged involvement of the Defendants, Plaintiffs cannot establish 'but for' causation." RSM Production Corp. v. Fridman, 643 F. Supp. 2d 382, 410 (S.D.N.Y. 2009); see Mina Investment Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 251 (S.D.N.Y. 1999) (plaintiff failed to allege "but for" causation because plaintiff alleged that contract would have been breached regardless of defendant's alleged action); Granite Partners, L.P., 58 F. Supp. 2d at 267 (tortious interference with contract claim dismissed because, among others, original complaint alleged that non-party "was predisposed toward

breaching its agreements . . . and would have done so independently of each of the [defendants]'s actions or participation" (internal quotation marks omitted)).

Accordingly, the tortious interference with contract claim is dismissed.

### 2.   Conspiracy to Interfere with Contract

"New York does not recognize an independent tort of conspiracy." Kirch v. Liberty Media Corp., 449 F.3d 388, 401 (2d Cir. 2006). Since Icon has failed to allege a cause of action for tortious interference with contract which underlie the alleged conspiracy, it necessarily fails to state an actionable claim for civil conspiracy. RSM Production Corp., 643 F. Supp. 2d at 413 (dismissing civil conspiracy claim because plaintiff failed to state cause of action for either tortious interference with prospective business advantages and tortious interference with contract underlying alleged conspiracy).

Moreover, "[t]he intra-corporate conspiracy doctrine dictates that employees of the same corporate entity who are acting within their employment are legally incapable of conspiring with each other." Angulo v. Manny, No. 11 Civ. 878, 2012 WL 569190, at *3 (S.D.N.Y. Feb. 14, 2012); see Crews v. County of Nassau, No. 06 CV 2610, 2007 WL 4591325, at *12 (E.D.N.Y. Dec. 27, 2007) ("The intracorporate conspiracy doctrine posits that the officers, agents, and employees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring with each other."). Icon contends that Mr.

15

Durkin, the President of Northern, and Mr. Hartigan, the Senior Investment Manager at Northern, were acting as agents of Northern when they allegedly induced Boa to breach the Settlement Agreement. (Countercl., ¶¶ 1-2, 14, 18). Since Mr. Durkin and Mr. Hartigan are agents of the same corporate entity and are alleged to have been acting within their scope of employment, the doctrine of intracorporate conspiracy bars this claim.

Accordingly, Northern and the third-party defendants' motion is granted, and Icon's counterclaims and third-party claims are dismissed with prejudice.

### C.   <u>Cross-Claims Against Boa</u>

Icon brings three cross-claims against Boa, alleging that (1) Boa breached the confidentiality covenant contained in the Settlement Agreement when it informed Northern of the settlement amount in the Prior Action (Cross-Cl., ¶¶ 10-13); (2) Boa breached the non-disparagement covenant contained in the Settlement Agreement by reporting to Northern alleged misrepresentations made by Icon during the settlement negotiations in the Prior Action (Cross-Cl., ¶¶ 16-19); and (3) Boa breached the implied covenant of good faith and fair dealing by sharing contractually-protected confidential information with Northern and inducing Icon to dismiss the Prior Action while lacking a good faith intention to carry out its obligations under the Settlement Agreement (Cross-Cl., ¶¶ 21-24). Boa moves to dismiss all cross-claims.

### 1.   <u>Settlement Agreement</u>

"'Settlement agreements are contracts and must therefore be

construed according to general principles of contract law.'" Gerrero v. FJC Security Services Inc., No. 10 Civ. 9027, 2012 WL 2053535, at *5 (S.D.N.Y. June 5, 2012) (quoting Red Ball Interior Demolition Corp. v. Palmadessa, 173 F. 3d 481, 484 (2d Cir. 1999)); accord Robles v. Cox and Co., 841 F. Supp. 2d 615, 632 (E.D.N.Y. 2012). "To state a claim for breach of contract, [the plaintiff] was required to plausibly allege (1) the existence of an agreement, (2) its own adequate performance, (3) breach by the defendant, and (4) damages.'" Brooklyn 13th Street Holding Corp. v. Nextel of New York, Inc., 495 F. App'x 112, 113 (2d Cir. 2012) (citing Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 177 (2d Cir. 2004)).

Boa and Icon do not dispute that they executed a Settlement Agreement to resolve the Prior Action. (Cross-Cl., ¶ 6; Memorandum of Law in Support of Boa's Motion to Dismiss Icon's Cross-Claims ("Boa Memo.") at 5). The Settlement Agreement contains a confidentiality covenant that states:

> Each of the Parties agrees not to voluntarily disclose, either directly or indirectly, the specific terms and conditions of this Agreement to any third party, including, but not limited to, present and former employees, independent contractors, customers and distributors of the Parties, or the public or press. Notwithstanding the foregoing, the Parties may disclose the terms of this Agreement, on an "as needed" basis only (I) to those of its employees having a need to know, and its attorneys, accountants, auditors and tax consultant all of whom shall agree to maintain this confidentiality, and (ii) if necessary to comply with any valid and uncontested subpoena or other legal or judicial process issued by any court, legislative body or government agency of competent jurisdiction.

(Declaration of Thomas O. Johnston dated March 15, 2013 ("Johnston

Decl."), ¶ 8).  It also contains a mutual non-disparagement clause.
(Cross-Cl., ¶ 16).

Boa contends that Icon cannot maintain an action for breach of
Settlement Agreement when Icon was the first to breach it.  (Boa
Memo. at 9-11).  Boa points to the representations and warranties
Icon made in the Agreement, which state:

> ICON represents that, to the best of its knowledge,
> Northern Shipping Fund I L.L.C. ("Northern") has not
> executed the Commitment Letter.  ICON further represents
> that it made Northern aware of its intention to file the
> subject lawsuit between ICON and Boa.  To the best of
> ICON's knowledge, Northern has not made nor does it
> intend to make a claim against Boa related to the
> Commitment Letter or this litigation.

(Johnston Decl., ¶ 9; Boa Memo. at 6).  Based on the allegations in
Northern's Complaint, Boa argues that Icon knowingly misrepresented
Northern's position in the Prior Action, thereby breaching the
Settlement Agreement and releasing Boa of its duty to perform under
the Settlement Agreement.  (Boa Memo. at 9-10).

"'A fundamental principle of contract law provides that the
material breach of a contract by one party discharges the
contractual obligations of the non-breaching party.'"  <u>Kapsis v.
American Home Mortgage Servicing Inc.</u>, __ F. Supp. 2d __, __, 2013
WL 544010, at *19 (E.D.N.Y. 2013) (quoting <u>Bear, Stearns Funding,
Inc. v. Interface Group-Nevada, Inc.</u>, 361 F. Supp. 2d 283, 291
(S.D.N.Y. 2005)).  "However, because '[t]here might be a genuine
issue of fact as to whether such a breach[, if any,] was material,'
it 'cannot be said as a matter of law that any breach was material"
at the motion to dismiss stage.  <u>Id.</u> (alterations in original)
(quoting <u>Johnson & Johnson v. Guidant Corp.</u>, 525 F. Supp. 2d 336,

18

355-57 (S.D.N.Y. 2007) (declining to dismiss breach of contract claim on basis that plaintiff did not adequately perform under contract). Accordingly, I decline to dismiss Icon's contract claims on this basis.

### 2.   Confidentiality Covenant

Boa argues that the breach of contract cross-claim based on the confidentiality provision must be dismissed because Icon has not sufficiently alleged damages caused by Boa's purported disclosure of the settlement amount to Northern. (Boa Memo. at 11-12).

"Under New York law, plaintiffs asserting breach of contract claims must allege facts showing damage caused by the alleged breach." USAirways Group, Inc. v. British Airways PLC, 989 F. Supp. 482, 492 (S.D.N.Y. 1997); see Counsel Financial Services, LLC v. Melkersen Law, P.C., 602 F. Supp. 2d 448, 452 (W.D.N.Y. 2009) ("'In the absence of any allegations of facts showing damage, mere allegations of breach of contract are not sufficient to sustain a complaint.'" (quoting Lexington 360 Associates v. First Union National Bank of North Carolina, 234 A.D.2d 187, 189-90, 651 N.Y.S.2d 490, 492 (1st Dep't 1996))); Smith McDonnell Stone & Co. v. Delicato Vineyards, No. 94 Civ. 6474, 1995 WL 375918, at *4 (S.D.N.Y. June 22, 1995) ("Allegations of a breach of contract are insufficient in the absence of allegations of facts showing damages."). Moreover, a party "'seeking damages for breach of contract . . . must demonstrate that the damages were caused by and are directly traceable to the . . . breach.'" Metropolitan West

19

Management, LLC v. Magnus Funding, Ltd., No. 03 Civ. 5539, 2004 WL 1444868, at *7 (S.D.N.Y. June 25, 2004) (alterations in original) (quoting Bausch & Lomb, Inc. v. Bressler, 977 F.2d 720, 731 (2d Cir. 1992)); see Diesel Props S.r.l. v. Greystone Business Credit II LLC, 631 F.3d 42, 52-53 (2d Cir. 2011) ("'Causation is an essential element of damages in a breach of contract action; . . . a plaintiff must prove that a defendant's breach directly and proximately caused his or her damages.'" (emphasis in original) (quoting National Market Share v. Sterling National Bank, 392 F.3d 520, 525 (2d Cir. 2004))). "'Where a party has failed to come forward with evidence sufficient to demonstrate damages flowing from the breach alleged and relies, instead, on wholly speculative theories of damages, dismissal of the breach of contract claim is in order.'" Counsel Financial Services, LLC, 602 F. Supp. 2d at 452 (quoting Lexington 360 Associates, 234 A.D.2d at 190, 651 N.Y.S.2d at 492). In addition, "[r]ecovery is not allowed if the claimed losses are the result of other intervening causes." Diesel Props S.r.l., 631 F.3d at 53 (internal quotation marks omitted).

Icon purports to have suffered damages from Boa's alleged disclosure of the settlement amount to Northern because Northern filed the present action seeking half of the settlement in the Prior Action. (Cross-Cl., ¶ 13). Boa contends that Northern would have commenced this action "regardless of the actual amount of the settlement of the Prior Action" and it was Icon's refusal to disgorge Northern's portion of the settlement proceeds that prompted this action. (Boa Memo. at 12). These are factual

allegations that go beyond the pleadings.  At this point in the proceedings, drawing all reasonable inferences in Icon's favor, Icon presents sufficient facts to suggest damages stemming from the alleged breach of the confidentiality provision, and "it [is] unnecessary at this stage to address whether . . . a claim for damages for breach of a contract . . . is too speculative to survive."  Sharp v. Patterson, No. 03 Civ. 8772, 2004 WL 2480426, at *5 (S.D.N.Y. Nov. 3, 2004); see Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc., 341 F. Supp. 2d 258, 271-72 (S.D.N.Y. 2004) ("If [the plaintiff], as a matter of proof, cannot establish a causal connection between [the defendant]'s alleged breach and its own damages, then surely the contract claims will fail.  But such questions are appropriately handled at summary judgment or trial, not on a motion to dismiss."); USAirways Group, Inc., 989 F. Supp. at 492 ("Although the allegations of damages are short on specifics and [plaintiff] may ultimately have difficulty establishing the amount of damages caused by the alleged breach, such allegations are sufficient to survive a motion to dismiss the complaint.").[3]

Accordingly, Boa's motion to dismiss Icon's first cross-claim is denied.

---

[3] Boa also argues that since the settlement amount would inevitably be disclosed in discovery in this case, that any earlier disclosure was harmless.  (Boa Memo. at 12-13).  Since Icon claims that but for Icon's purported disclosure of the settlement amount, Northern would not have brought the instant action, Boa's contention does not undermine Icon's damages allegation.

2.   Non-Disparagement Covenant

Boa contends that Icon has failed to plead its second cross-claim with the requisite specificity. (Boa Memo. at 13-14). Boa, relying on defamation case law, argues that Icon must provide details as to the alleged disparaging statements made by Boa, including the substance of the communication, who made the statements, when the statements were made, to whom the statements were communicated, and the mode of communication. (Boa Memo. at 14).

Since Icon's cross-claim is a breach of contract claim based on the non-disparagement provision, Icon must plausibly plead, among other things, that Boa breached the non-disparagement covenant. Icon alleges that Boa breached by "report[ing] to Northern certain alleged bad acts by ICON relating to representations made by ICON agents during its prior settlement negotiations, which had no basis in fact." (Cross-Cl., ¶ 18). "Stating in a conclusory manner that an agreement was breached does not sustain a claim of breach of contract." Berman v. Sugo LLC, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008); see Schupak Group, Inc. v. Travelers Casualty and Surety Co. of America, 716 F. Supp. 2d 262, 267 (S.D.N.Y. 2010) ("A claim for breach of contract cannot be sustained simply by a conclusory statement that the accused breached a contract."). Icon has offered no factual allegations to support its claim that Boa breached the non-disparagement clause. See BDCM Fund Adviser, L.L.C. v. Zenni, 103 A.D.3d 475, 477-78, __ N.Y.S.2d __ (1st Dep't 2013) (affirming dismissal of breach of non-

22

disparagement provision cause of action because complaint failed to specify disparaging statements allegedly made by defendants); _see also_ _Structural Preservation Systems, LLC v. Andrews_, __ F. Supp. 2d __, __, 2013 WL 459784, at *10 (D. Md. 2013) (dismissing breach of non-disparagement provision claim because plaintiff simply alleges defendant made "[s]everal disparaging remarks and false accusations against [the defendant]," and fails to "allege the particular nature of the remarks or to whom or when such remarks were made"); _cf._ _Soroof Trading Development Co. v. GE Fuel Cell Systems, LLC_, 842 F. Supp. 2d 502, 512-13 (S.D.N.Y. 2012) (dismissing breach of contract claim because complaint "does no more than make naked assertions without any factual enhancement to support" claim that contract was breached); _Fink v. Time Warner Cable_, 810 F. Supp. 2d 633, 645 (S.D.N.Y. 2011) (dismissing breach of contract claim because "simplistic allegations that Defendant failed to perform, are insufficient to make the requisite plausible factual demonstration of the basis of Plaintiffs' claim"); _Murphy v. Senior Investigator Neuberger_, No. 94 Civ. 7421, 1996 WL 442797, at *14 (S.D.N.Y. Aug. 6, 1996) (dismissing breach of contract claim because complaint makes only vague and conclusory allegations about how defendants breached contract). "[N]aked assertion devoid of further factual enhancement" is insufficient. _Iqbal_, 556 U.S. at 678 (internal quotations marks and citation omitted). Accordingly, this claim is dismissed without prejudice to being repled.

      3.   _Implied Covenant of Good Faith and Fair Dealing_

"Under New York law, '[i]mplicit in all contracts is a

covenant of good faith and fair dealing in the course of contract performance.'" <u>Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.</u>, ___ F. Supp. 2d ___, ___, 2013 WL 1285453, at *20 (S.D.N.Y. 2013) (alteration in original).   However, "a claim alleging a breach of this covenant will not stand if it is duplicative of a breach of contract claim." <u>Id.</u>; <u>see</u> <u>Harris v. Provident Life and Accident Insurance Co.</u>, 310 F.3d 73, 81 (2d Cir. 2002) ("New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled.").

Icon argues that its good faith and fair dealing claim is not duplicative of its breach of contract claims because it is based on its allegation that "Boa induced Icon 'into dismissing [Icon's] action against Boa while, at the same time, lacking a good faith intention to carry out [Boa's] material obligations in the Settlement Agreement.'" (Defendant Icon Capital Corp.'s Memorandum of Law in Opposition to the Motion to Dismiss Filed by Defendants Boa Sub C AS, Boa Deep C AS, Boa Holding AS, and Boa Offshore AS ("Icon Opp. Memo. to Boa") at 12; Cross-Cl., ¶ 23).   However, the factual allegation to support this claim is based on Boa purportedly "sharing contractually-protected confidential information" with Northern. (Cross-Cl., ¶ 23).   This is the same alleged conduct upon which Icon bases its breach of the confidentiality covenant claim.   Accordingly, Icon's good faith and fair dealing claim is duplicative and is dismissed.

Conclusion

For the foregoing reasons, the motion of Northern and the third-party defendants (Docket no. 40) is granted, and the counter-claims and third-party claims are dismissed. Boa's motion (Docket no. 38) is denied to the extent that it sought dismissal of the cross-claim alleging breach of the confidentiality clause, granted to the extent that the cross-claim based on breach of the non-disparagement clause is dismissed without prejudice, and granted to the extent that the cross-claim based on breach of the implied covenant of good faith and fair dealing is dismissed with prejudice.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          April 12, 2013

Copies mailed this date:

Phillip R. Schatz, Esq.
Kristin Marlowe, Esq.
Wrobel & Schatz LLP
1040 Avenue of the Americas
11th Floor
New York, NY 10018

Thomas O. Johnston, Esq.
Porzio, Bromberg & Newman, P.C.
156 West 56th Street, Suite 803
New York, NY 10019

Michael D. Traub, Esq.
Akerman Senterfitt LLP
335 Madison Avenue
New York, NY 10017

25